**DIVISION OF FAMILY SERVICES,**
Petitioner,

v.

**H.S., K.B., D.T., M.H., and A.P., Respondents.**

Nos. CS08–03931, CS08–03926.

Family Court of Delaware,
Sussex County.

Submitted: May 29, 2009.

Decided: June 9, 2009.

Kathryn L. Welch, Esquire, Deputy Attorney General, Georgetown, DE, Attorney for the Petitioner.

Ashley M. Oland, Esquire, Law Office of Edward C. Gill, P.A., Georgetown, DE, Attorney for H.S.; Patricia M. O'Neill, Esquire, Law Office of Patricia M. O'Neill, Georgetown, DE, Attorney for K.B.; D.T., Pro Se, Georgetown, DE; M.H., Pro Se, Georgetown, DE; A.P., Pro Se, Georgetown, DE.

## OPINION

HENRIKSEN, J.

Pending before the Court is a Motion to Compel, filed by H.S. ("Mr. S.") on May 19, 2009 against the Division of Family Services ("DFS"). DFS filed an Answer opposing Mr. S.'s Motion on May 29, 2009. No hearing was held on this matter.

### Background

E.B., J.B., and T.B. were all taken in to care by Emergency Order of this Court on December 16, 2008. K.B. is the mother of all of the children involved in this case. H.S. is the father of E.B. and J.B. and, to the best of the Court's knowledge, is cur-rently incarcerated at the Sussex County Work Release Center. D.T., who is believed to be a registered sex offender for an offense which allegedly occurred in Delaware, is T.B.'s father. He had previously been incarcerated in Alabama, but the Court learned that he had been released when the Court phoned the prison to arrange for D.T.'s participation in the Dispositional hearing on May 18, 2009.

L.O. came into DFS emergency care on March 31, 2009. L.O.'s father is L.S.O.

M.H. is the children's maternal grandmother, who is petitioning for guardianship. A.P., along with her husband, A.P., is a maternal aunt and also a guardianship petitioner.

The parties last appeared in court on May 18, 2009, for the beginning of the Dispositional Hearing, which will continue on June 15, 2009. On May 18, the Court was able to review the status of Mother's case plan and heard testimony regarding J.B.'s poor progress in school, neither of which is relevant for the purposes of this Order. At this point, Mr. S. does not have a case plan. He has stated to the Court that he will be requesting a case plan from DFS once he is released from incarceration.

### Legal Standard

Family Court Civil Procedure Rule 34 addresses a party's ability to conduct discovery by requesting that the opposing party produce documents or other relevant items. Rule 34 states, in relevant part:

(a) Scope.—Any party may serve on any other party (1) to produce and permit the party making the request, or someone acting on that party's behalf, to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs ... [telephone records] and

other data compilations from which information can be obtained ... by the respondent ...) or to inspect and copy, test or sample any tangible things which constitute or contain matters within the scope of Rule 26(g) and which are in the possession, custody or control of the party upon whom the request is served.

(b) Procedure.—The request shall set forth the items to be inspected either by individual item or category, and describe each item or category with reasonable particularity. The request shall specify a reasonable time, place, and manner of making the inspection and performing the related acts ... The party upon whom the request is served shall serve a written response within 30 days after service of the request ... The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated ... The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.[1]

Family Court Civil Procedure Rule 37 addresses failure to comply with the discovery process, the award of sanctions, and failure or neglect to file discovery material. Rule 37 states, in relevant part:

(2) Motion.—If ... a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as re-

quested, the discovering party may move for ... an order compelling inspection in accordance with the request.

(4) Expenses and sanctions.—(A) If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the Court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including the attorney's fees, unless the Court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.[2]

## Arguments and Reasoning

Mr. S. filed a Request for Production of Documents on May 6, 2009, asking that DFS produce four categories of documents:

(1) Any and all placement information regarding my client's two minor children and anyone who they have been placed with by the Division of Family Services in the past two or three years;

(2) Any information regarding contacts with Mr. S. to the Division of Family Services;

(3) Any efforts that the Division of Family Services has made to contact Mr. S. including but not limited to arranging for visitation or developing case plans;

(4) Any documents of any efforts that the Division of Family Services made to prevent the children from coming into custody including but

---

1. Fam. Ct. Civ. R. 34.

2. Fam. Ct. Civ. R. 37.

not limited to contacting any and all available relatives.[3]

■ DFS, on May 15, 2009, answered each of Mr. S.'s specific requests with the same objection. DFS argued that each request violated Rule 34(b) in that it did not sufficiently describe each item or category with reasonable particularity, nor did it set forth items to be inspected by category or by individual item. The Court is satisfied that this argument is without merit. In Mr. S.'s Motion to Compel, filed May 19, 2009, Mr. S. responded that his requests are stated with sufficient specificity to put DFS on notice of exactly what kind of information Mr. S. is seeking. The Court agrees.

■ DFS also argued in its Answer to Request for Production that the requests did not specify a reasonable time, place, and manner of inspection, in violation of Rule 34(b). This argument is also without merit. The Request for Production states, "Ashley M. Oland, Esquire [counsel for Mr. S.] hereby requests that the Division of Family Services produce those items set forth herein to the Office of Edward P. Gill, P.A. at 16 North Bedford Street, P.O. Box 824, Georgetown, Delaware 19947, on or before the 15th day after this Request for Production is served."[4] The Court finds that this paragraph meets the requirements of Rule 34(b). From this language, a reasonable person would deduce that he or she should produce the documents in question to the address provided on or before May 26, 2009.[5]

■ In addition to these two objections, which were raised in response to each of Mr. S.'s requests, DFS also raised a third objection to some of Mr. S.'s requests, each tailored to respond directly to each individual request. In response to Mr. S.'s first request, for information regarding the placement of his children, DFS argues that confidentiality rules protect the privacy of foster parents. While DFS did not cite any support for this assertion, the Court understands that it is the policy of DFS not to divulge the names or addresses of foster parents. The Court agrees with this policy and therefore sustains Respondent's objection. However, if Mr. S. wishes to know other information about the placement of his children, such as where they have been attending school, their educational progress, or information about the status of their health while they have been in placement, he is entitled to such information, as long as the names and addresses of any and all foster parents remain private.

■ In response to Mr. S.'s third request, for information regarding what efforts DFS has made to contact Mr. S., particularly regarding the arrangement of visitation or the development of a case plan, DFS argues that this information is irrelevant. This objection is overruled. Family Court Civil Procedure Rule 34 allows a party in an action to request that

---

3. Request for Production, paragraphs 1 through 4, filed by H.S., (Del.Fam.Ct. May 6, 2009).

4. Request for Production, concluding paragraph, filed by H.S., (Del.Fam.Ct. May 6, 2009).

5. The Court arrived at this date by adding 15 days to the date on the Notice of Service, May 6, as well as three additional days due to the fact that the Request was mailed, pursuant to Family Court Civil Rule 6(d). This date is May 24, which was a Sunday, which means that DFS would have until Monday, May 25 to comply with the Request, pursuant to Family Court Civil Rule 6(a). However, since May 25 marked the observance of Memorial Day, DFS would have had until Tuesday, May 26 to comply with the Request, according to the same rule.

another party produce "any tangible things which constitute or contain matters within the scope of Rule 26(g) and which are in the possession, custody or control of the party upon whom the request is served."[6] Rule 26(g) states,

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.[7]

The Court has no way of knowing whether the information sought might lead to the discovery of admissible evidence. Therefore, DFS will comply with this request. If, at the time of the hearing, DFS is still of the opinion that the information is irrelevant, DFS can raise its objection to the admissibility of the evidence at that time.

■ DFS made the same relevance objection to Mr. S.'s fourth request, for information regarding efforts made by DFS to prevent the children from coming into DFS custody. This objection is also overruled. Because this information might lead to the discovery of admissible evidence, DFS shall comply with Mr. S.'s request. If, at the time of the hearing, DFS is still of the opinion that the information is irrelevant, DFS can raise its objection to the admissibility of the evidence at that time.

The Court notes that DFS ended its response to each of Mr. S.'s requests by stating, "Without waiver of this objection, the Division shall make available for inspection and photocopying at the Division's office, the Division's file and computer records in the above captioned case at such time and place as arranged by Counsel for Respondent."[8] If, as this language conveys, the Division is willing to allow counsel for parents to visit the Division's office and inspect and photocopy documents there, it seems clear to the Court that the substance of the Division's objections are actually rooted in the procedure of production and not in the relevancy of the materials Mr. S. seeks. The Court is extremely troubled by this. There have been multiple instances recently in this Court involving disputes between DFS and parents of dependent or neglected children, wherein parents wish to have access to certain documents contained in DFS files. Each time this issue has arisen, DFS has objected, for a variety of reasons. Many of these objections have been without merit. In *DFS v. Redman*, the mother issued a subpoena *duces tecum*, asking DFS to bring to trial documents showing the progress that the mother had made with her case plan.[9] DFS raised several objections in its Motion to Quash, most of which were based on confidentiality concerns. Though not specifically overruling these objections,

6. Fam. Ct. Civ. R. 34.

7. Fam. Ct. Civ. R. 26(g).

8. Answer to Request for Production, filed by the Division of Family Services, p. 2–4 (Del. Fam.Ct. May 15, 2009).

9. *Division of Family Services v. Redman*, 979 A.2d 1138 (Del.Fam.Ct.2009).

the Court, in retrospect, will state that most of those objections had little merit. DFS filed a second pleading soon thereafter, wherein it argued that a subpoena *duces tecum* could only be issued against a non-party. When one party requires access to documents in the possession another party (which is the situation currently before the Court), DFS argued that the party seeking information should be required to avail himself of the discovery process, specifically by issuing a Request for Production. The Court agreed and, following a very traditional approach, ruled in favor of DFS.[10] But, the Court also noted, with possible anticipation, that the required rapid timeline in which the several hearings in a dependency case must occur may require reconsideration of whether the traditional approach of prohibiting a party from subpoenaing another party to bring records to a hearing should not be applied in dependency cases.

Now, it seems that either DFS has changed its position on this issue and is no longer of the opinion that a Request for Production is appropriate, an unlikely possibility given its earlier vigorous defense of this position, or DFS does not wish to be burdened with the responsibility of assembling the requested documents and delivering them to the parent's attorney. Since DFS apparently has no objection to the parents or their attorneys visiting the offices of DFS to review the files themselves, the Court can only assume that the DFS objection is based on issues of convenience for DFS. In *Redman,* this Court was clear when it stated that the goals of permanency and reunification are paramount and that these goals take precedence over any concerns held by DFS involving the

extra burden or expense that it will incur while ensuring that parents are given as much access to their files as the law allows.[11] Given that DFS could not provide any other legal support for its assertion that it should not have to comply with discovery in the instant case, Mr. S.'s Motion to Compel is **granted,** with the exception of supplying the names and addresses of all foster parents.

The Court also notes that DFS ended its Answer to the Motion to Compel, by stating that the caption of Mr. S.'s Motion to Compel was incorrect, in that Mr. S. had listed himself as the Petitioner, while he is actually the Respondent in this case. DFS then stated, "To the extent that the Court believes such technical defects require action by the court, the Division submits that the Motion to Compel Production and the Request for Production should both be stricken for failing to comply with Family Court Rules 7(a)(5) & 10(a)." [12] The Court is somewhat surprised that DFS made this suggestion, given its own history of improper filings in cases such as these. In *DFS v. Redman,* after the mother filed her Answer to the Division's Motion to Quash, which included a Counter–Claim for Contempt and Monetary Sanctions, DFS filed what it termed an "Answer to Counter–Claim for Contempt and Monetary Sanctions." The title of this pleading was incorrect because it was actually a Reply to the mother's Answer, as the majority of the arguments in the Reply responded directly to arguments mother made in her Answer. A reply to an answer is not a proper pleading, according to Family Court Civil Rule 7(a). However, rather

**10.** *Id.*

**11.** *Division of Family Services v. Redman,* 979 A.2d at 1139.

**12.** Answer to Motion to Compel Discovery, filed by the Division of Family Services, paragraph 5 (Del.Fam.Ct. May 29, 2009).

than strike the improper pleading, which it would have been within its rights to do, the Court chose to rule on the merits of the pleading in order to avoid a continuance of this type of litigation.[13]  The Court will grant Mr. S. the same leniency in hearing general errors as was previously extended to the Division.

The Division shall comply with Mr. S.'s request, except as limited herein, within 5 days of the date of this Order.

IT IS SO ORDERED.

**13.**  *Division of Family Services v. Redman,* 979    A.2d at 1141, n. 5.